```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA
```

LUCILLE K. LAILHENGUE                         CIVIL ACTION

v.                                            NO. 11-448

THE UNITED STATES OF AMERICA, ET AL.          SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's Motion for Partial Summary Judgment.  For the reasons that follow, the motion is GRANTED.

<u>Background</u>

In this Federal Tort Claims Act suit, Lucille Lailhengue seeks to recovery for personal injuries she allegedly sustained when a car being driven by a United States government employee rear-ended her car while she was stopped at a stop sign in New Orleans.

On July 29, 2009, just before 8:30 a.m., Lucille Lailhengue was driving a 2007 Lincoln Town Car westbound on LaSalle Street in New Orleans; she came to a complete stop behind a car that was stopped at the stop sign located at LaSalle's intersection with Perdido Street.  The Lincoln Town Car[1] was then struck from behind by a 2007 Chevrolet Impala (being driven by Rachel Cox Rodi) that was also traveling westbound on LaSalle Street.  Rodi is a U.S. government employee who was acting within the course and scope of her employment at the time of the accident.

On February 23, 2011 Lailhengue sued the United States,

---

[1] The Lincoln Town Car was owned by Angelo Calabresi.

1

invoking the exclusive remedy provision of the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), and asserting that Cox's negligence caused her to suffer various past, present, and future injuries. Lailhengue now seeks partial summary judgment on the issue of liability.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party

must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Federal Tort Claims Act

The United States is immune from suit, except to the extent it has waived its sovereign immunity. FDIC v. Myers, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Sovereign immunity is jurisdictional; the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (citing United States v. Sherwood, 312 U.S. 584, 586 (1941) and quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., is a limited waiver of this sovereign immunity, allowing suits "for damages 'caused by the negligent or wrongful act or omission of any

employee of the Government...'" Aretz v. United States, 604 F.2d 417, 426 (5th Cir. 1979)(quoting 28 U.S.C. § 1346(b)). "The statute provides broadly that the United States will accept liability for common torts committed by its agents to the same extent in the same manner of liability would attach to a private individual in similar circumstances." Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368, 374 (5th Cir. 1987)(citing United States v. Orleans, 425 U.S. 807, 813 (1976)); Thomas v. Calavar Corp., 679 F.2d 416, 418 (5th Cir. 1982)). The United States is amenable to suit under the FTCA when the injury arises out of "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, where, as here, a lawsuit arises out of a car accident with a United States employee and the accident occurred in New Orleans, Louisiana substantive law applies to the personal injury claims.

### III. Negligence

In Louisiana, negligence is determined using the duty/risk model, which considers: (1) whether the conduct was a cause-in-fact of the harm; (2) whether the defendant owed a duty of care to the plaintiff; (3) whether the requisite duty was breached; and (4) whether the risk and harm was within the scope of protection afforded by the duty breached. Charles v. United States Postal Service, No. 06-277, 2007 WL 925899, at *3 (E.D. La. Mar. 13,

2007)(citing Peterson v. Gibraltar S & L, 733 So.2d 1198, 1203-04 (La. 1999)).

The plaintiff's motion for partial summary relief here focuses on duty and breach.  Whether a duty is owed is a question of law. Peterson, 733 So.2d at 1204 (citations omitted).  Under Louisiana law, the following motorist in an rear-end collision is presumed to be at fault:

> LSA-R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions, and the condition of the roadway.  In a rear-end collision, the following motorist is presumed to have breached his duty and he bears the burden of proving that he was not negligent. Anderson v. May, 01-1031 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 85.

Phipps v. Allstate Ins. Co., 924 So.2d 1081, 1084 (La.App. 5 Cir. 2/27/06).  To rebut the presumption of fault, a following motorist must establish that she had her vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances.  Id.

The plaintiff contends that Rodi, as following motorist, is presumed at fault for the collision, and that she cannot rebut the presumption because she cannot establish that she closely observed the plaintiff's vehicle, or that she followed at a safe distance under the circumstances. Accordingly, the plaintiff contends that partial summary judgment is appropriate because the record shows that Rodi violated her duty as the following motorist.  The Court agrees.

The United States concedes that Rodi, a government employee driving a government vehicle, hit Lailhengue's vehicle from behind at the intersection of LaSalle and Perdido Streets in New Orleans. But the United States "leaves it to the Court to determine" whether the facts as summarized in Rodi's and Lailhengue's deposition testimony constitute the breach of a duty as required to prove elements two and three under Louisiana negligence law.  Indeed, liability is established on this record: the deposition testimony suggests that Lailhengue was stopped behind another vehicle that was stopped at the intersection when Rodi's vehicle rear-ended Lailhengue's.  Rodi does not dispute this; she admits that she had stopped behind Lailhengue, but recalls that her foot slipped off the break, causing her vehicle to rear-end Lailhengue's.

Of course, as the United States points out, the two women have two very different versions of the severity of the impact; accordingly, material facts remain in dispute regarding whether the rear-end collision was the cause-in-fact of the plaintiff's injuries.[2]  However, putting the issue of causation and damages

---

[2] The United States contends that it is not at all clear that any injuries for which the plaintiff complains were caused by the July 29, 2009 accident.  In support of this contention, the United States notes that Lailhengue has acknowledged prior back injuries that occurred before the July 29, 2009 accident. Also, Lailhengue and Rodi offer differing accounts on the severity of the accident: Rodi estimates her car was going less than 5 miles per hour because she had stopped but her foot slipped off the break; Lailhengue testified that she heard screeching wheels before the impact, which she described as "pretty intense."  The United States also contends that the photos taken of both vehicles after the

aside, based on the deposition testimony of both Rodi and Lailhengue, the Court finds that there is no dispute as to any material fact regarding duty and breach: Rodi, as the following motorist, had a duty under Louisiana law, and Louisiana law presumes a breach of that duty under the circumstances presented here.[3] Accordingly, the plaintiff's motion for partial summary judgment, on liability only, is GRANTED.

New Orleans, Louisiana, November 9, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

accident support Rodi's characterization that the impact was minor. Given the obvious factual disputes, summary resolution of the remaining elements of Lailhengue's negligence and quantum claims would be premature.

[3] There is no suggestion that any rebuttal evidence exists that could inform or alter this liability determination. In fact, the United States has not set forth any specific facts demonstrating a genuine issue for trial respecting liability.